**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ELLA M. ALSTON,
        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
        Agency.

DOCKET NUMBER
PH-0845-17-0257-I-1

DATE: April 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ella M. Alston, Baltimore, Maryland, pro se.

Tanisha Elliott Evans, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   On April 26, 2017, the appellant filed an appeal challenging the March 22, 2016 reconsideration decision of the Office of Personnel Management (OPM), which found that she had received an overpayment and set a repayment schedule. Initial Appeal File (IAF), Tabs 1, 8 at 6. That letter also included the appellant's right to appeal OPM's decision to the Board and set forth the deadline of 30 days. IAF, Tab 8 at 10. In her initial decision, the administrative judge found that the appellant stated that she received OPM's decision on April 5, 2016, and thus, she was required to file her appeal to the Board by May 5, 2016. IAF, Tab 12, Initial Decision (ID) at 2. The appellant did not file her appeal until April 26, 2017, one year and three weeks late. IAF, Tab 1. The appellant's response to an order to show good cause for her untimely filing related solely to the merits of her appeal, and it did not address the timeliness. IAF, Tab 10. Accordingly, the administrative judge dismissed her appeal as untimely filed without a showing of good cause. ID at 4.

¶3        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tabs 3, 5.[2]  The agency has filed a response to the petition.  PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The Board's regulations provide that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b). The regulations further provide that, if a party does not submit an appeal within the applicable time limit, it will be dismissed as untimely filed unless a good reason for the delay is shown.  *Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 8 (2007); 5 C.F.R. § 1201.22(c).  To establish good cause for an untimely appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5        Here, the administrative judge found that the appellant received OPM's reconsideration decision on April 5, 2016, and that she filed her appeal on April 27, 2017, one year and three weeks late.  ID at 3; IAF, Tab 1 at Box 24.

---

[2] A question exists as to whether the appellant's petition for review also was timely filed.  PFR File, Tab 6; *see* 5 C.F.R. § 1201.114(e) (requiring that a petition for review generally must be filed within 35 days after the date of the issuance of the initial decision).  However, because we have denied the petition because it does not meet the Board's criteria for review, we do not reach that timeliness issue.

The administrative judge further found that, even though the appellant was ordered to provide a basis for her untimely filing, the appellant failed to do so. ID at 3. Thus, the administrative judge dismissed the appeal as untimely filed. ID at 4.

¶6       On review, the appellant does not challenge the administrative judge's findings regarding the timeliness of her appeal.[3] PFR File, Tabs 5, 9. Rather, she asserts that she is pro se and she appears to generally argue that timeliness issues concerning her appeal were caused by computer problems that resulted in her having no access to the Board's e-filing system since June 24, 2017, and that she has "been 'unaware' of any deadlines or schedules pertaining" to her appeal. PFR File, Tab 5 at 1-2. However, the deadline for filing an appeal to the Board was May 5, 2016. Because the appellant was required to file her appeal more than a year prior to any computer issues she claims she had, and because she failed to provide any basis below for the untimely filing of her appeal, we find that she has not established good cause for waiving the filing deadline on this basis.

¶7       The appellant also asserts that her appeal was untimely because she became the caregiver to various members of her family and that her own health has suffered as a result. *Id.* at 1. She has attached a letter from her physician dated September 1, 2017, stating that the appellant has suffered "tremendous increase in the amount of difficulty in her personal life" over the past 24 months due to her family members' health issues; that she may have suffered "some degree of cognitive impairment" due to her own medical conditions, which causes frequent and severe migraines; that she also has suffered from depression and difficulty

---

[3] The appellant also challenges the merits of the underlying overpayment decision, and she contends that OPM did not take her financial situation into consideration. To the extent the appellant may now be requesting an adjustment of her repayment schedule due to changes in her financial situation, any such request should be addressed to OPM, as provided by section V(F)(5) of OPM's Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and the Federal Employees' Retirement System. *See Martin v. Office of Personnel Management*, 49 M.S.P.R. 134, 137 (1991), *aff'd*, 960 F.2d 156 (Fed. Cir. 1992) (Table).

sleeping; and that she has difficulty fully understanding the legal issues. *Id.* at 9. She also has submitted several medical records for her family members. PFR File, Tab 5 at 7-8, Tab 9 at 7-10.

¶8        The Board will find good cause to waive its filing time limits when a party shows that she suffered from an illness that affected her ability to file on time. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 19 (2016). To establish that an untimely filing was the result of an illness, the party must do the following: (1) identify the time period during which she suffered from the illness; (2) submit medical or other corroborating evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or requesting an extension of time. *Id.* The party need not prove incapacitation during the filing period. *Id.* She need only prove that her ability to file with the Board was "affected" or "impaired" by illness. *Id.*

¶9        Here, even though the appellant's medical evidence shows that she was being treated by her doctor for frequent and severe migraines and depression, it does not indicate how her condition prevented her from timely filing her appeal or requesting an extension of time during the entire period of untimeliness. *See Braxton v. Department of the Treasury*, 119 M.S.P.R. 157, ¶¶ 8-9 (2013). We also cannot determine whether the appellant exercised due diligence in filing this appeal after she first became aware of her right to do so because the record does not establish the date when she first became aware of that right. *Id.*, ¶ 9. Further, her claim of assisting various family members during their illnesses also is insufficient to justify a delay as it does not specifically account for the entire period of untimeliness. *Pine v. Department of the Army*, 63 M.S.P.R. 381, 383 (1994).

¶10       To the extent the appellant asserts that she is unable to afford an attorney, her inability to retain and/or afford an attorney does not establish good cause for the delay. PFR File, Tab 1; *see Hawkins v. Department of the Navy*, 67 M.S.P.R.

559, 562 (1995). Furthermore, even though the appellant is acting pro se, that fact alone cannot overcome her filing delay and the absence of showing due diligence. *See De La Cruz Espan v. Office of Personnel Management*, 95 M.S.P.R. 403, ¶¶ 6-7 (2004). Accordingly, we find no basis to disturb the administrative judge's determination to dismiss this appeal as untimely filed without a showing of good cause.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____/s/ for_____

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.